**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CASEY LUCZAK, )<br>)<br>        Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID J. FARNHAM, )<br>)<br>        Defendant. )<br>_____ ) | 2:13-cv-02362-JCM-CWH<br><br>**REPORT & RECOMMENDATION** |

      This matter is before the Court on Plaintiff's Motion/Application to Proceed *In Forma Pauperis* (#3), filed January 30, 2014.  Plaintiff is incarcerated.

**I.      In Forma Pauperis Application**

      Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a)(1) and (2) showing an inability to prepay fees and costs or give security for them.  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).  The court will now screen the complaint pursuant to section 1915(e).

**II.     Screening the Complaint**

      Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

1    relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).  *Pro se*

2    pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th

3    Cir. 1988).  In addition to the screening requirements of section 1915A, the Prison Litigation Reform

4    Act of 1995 (PLRA) provides that a federal court must dismiss a prisoner's claim, "if the allegation

5    of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief

6    may be granted, or seeks monetary relief against a defendant who is immune from such relief."  28

7    U.S.C. § 1915(e)(2).

8         Courts apply the standard for review under Fed. R. Civ. P. 12(b)(6) for failure to state a claim

9    upon which relief can be granted when reviewing the adequacy of a complaint or an amended

10   complaint under section 1915(e).  If a complaint is dismissed under § 1915(e), the plaintiff should be

11   given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear

12   from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v.*

13   *United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).  Review under Rule 12(b)(6) is essentially a

14   ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th

15   Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot

16   prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v.*

17   *Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all

18   allegations of material fact stated in the complaint, and the court construes them in the light most

19   favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

20   Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted

21   by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972)

22   (per curiam).

23         While the standard under Rule 12(b)(6) does not require detailed factual allegations, a

24   plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550

25   U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.,*

26   *see Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A reviewing court should "begin by identifying

1   pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the

2   assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1950 (2009).  "While

3   legal conclusions can provide the framework of a complaint, they must be supported with factual

4   allegations." *Id.*  "When there are well-pleaded factual allegations, a court should assume their

5   veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Id.*

6   "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that

7   requires the reviewing court to draw on its judicial experience and common sense."  *Id.*  Finally, all

8   or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack

9   an arguable basis either in law or in fact.  This includes claims based on legal conclusions that are

10  untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a

11  legal interest which clearly does not exist), as well as claims based on fanciful factual allegations

12  (e.g., fantastic or delusional scenarios).  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see*

13  *also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

14  **III.    Discussion**

15          Plaintiff is seeking damages under 42 U.S.C. § 1983 claiming that a privately retained

16  attorney violated his constitutional rights by committing perjury while representing him in another

17  case.  Plaintiff does not cite to a specific constitutional provision, but vaguely alleges that the

18  attorney's conduct violated his due process rights.  To establish a cognizable claim under section

19  1983, a plaintiff mus allege two elements: (1) that the defendant violated a right secured by the

20  Constitution and law of the United States, and (2) that the defendant was acting under color of state

21  law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also e.g. Long v. County of Los Angeles*, 442 F.3d

22  1178, 1185 (9th Cir. 2006).  The claims asserted in this matter do not and cannot meet the

23  requirement that an alleged constitutional violation be committed by a defendant acting under color

24  of state law.

25          The only defendant named by Plaintiff is an attorney who was privately retained to represent

26  him in another matter.  A defendant acts under the color of state law if he "exercise[s] power

3

1   'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the

2   authority of state law.'"  *West,* 487 U.S. at 49 (citation omitted).  Private parties "generally" cannot

3   act under color of state law for purposes of Section 1983.  *See Price v. Hawaii,* 939 F.2d 702,

4   707–08 (9th Cir.1991).  In certain situations, however, "private" action may be considered to have

5   been committed under color of state law "when there is 'significant' state involvement in the action."

6   *Howerton v. Gabica,* 708 F.2d 380, 382 (9th Cir.1983).  The Supreme Court has articulated the

7   following four tests for determining when the actions of a private party amount to action under color

8   of state law for purposes of section 1983: (1) the public function test; (2) the joint action test; (3) the

9   state compulsion test; and (4) the governmental nexus test.  *See e.g. Collins v. Womancare,* 878 F.2d

10  1145, 1148 (9th Cir.1989); *Howerton,* 708 F.3d at 382–83.[1]

11      Although the conduct of private actors may meet one of the aforementioned tests for state

12  action, it is well-established that lawyers in private practice generally do not act under color of state

13  law when they represent parties in court proceedings.  *See Simmons v. Sacramento County Superior

14  Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that the lawyer for the defendant in a personal

15  injury action, who obtained plaintiff's default, was properly dismissed under Rule 12(b)(6) because

16  he was a lawyer in private practice and, thus, not acting under color of state law; conclusory

17  allegations that the lawyer conspired with court clerks and other state officers were insufficient to

18  render the lawyer a state actor); *Miranda v. Clark County, Nev.*, 319 F.3d 465, 468 (9th Cir. 2003)

19  (holding that a public defender is not a state actor within the meaning of section 1983); *Briley v.*

20

21      [1]  The public function test applies when a private person or entity exercises powers or performs a
22  function that is "traditionally exclusively reserved to the State." *Jackson v. Metropolitan Edison Co.*, 419 U.S.
    345, 352 (1974) (citations omitted).  The state compulsion test applies when "the state has exercised coercive
23  power or has provided such significant encouragement, either overt or covert, that the [private actor's] choice
    must in law be deemed that of the State." *Johnson v. Knowles*, 113 F.3d 1114, 1119 (9th Cir. 1997) (quotation
24  omitted).  The government nexus test, the most vague of the four tests, is satisfied when (1) there is such a close
    nexus between the State and the challenged action that seemingly private action should fairly be treated as State
25  action, or (2) a showing that a private actor is so entwined with State policies or the State is so entwined in
    managing or controlling the private actor that the challenged action should be treated as state action.  *Brentwood
26  Academy v. Tennessee Secondary School Athletic Assoc.*, 531 U.S. 288, 295-96 (2001) (citations omitted).  Lastly,
    the joint action test is satisfied when "private persons are willful participants in joint activity with the State or
    its agents that effects a constitutional deprivation." *Knowles*, 113 F.3d at 1119.

1 | *State of California*, 564 F.2d 849, 855 (9th Cir. 1977) ("We have repeatedly held that a privately-

2 | retained attorney does not act under color of state for purposes of actions brought under the Civil

3 | Rights Act."); *Hahn v. Star Bank*, 190 F.3d 708, 717 (6th Cir. 1999) ("Attorneys, by virtue of being

4 | officers of the court, do not act under color of state law within the meaning of section 1983.").

5 |   The only allegation in the complaint is that Defendant, a privately-retained attorney, violated

6 | Plaintiff's constitutional right to due process by allegedly committing perjury while representing

7 | Defendant in an underlying action.  Even assuming the allegation is true, there is nothing in the

8 | complaint to support the notion that the privately-retained attorney was acting under color of state

9 | law when it occurred.  Thus, there is no cause of action under section 1983.  Moreover, the Court

10 | finds that there is no possibility that Plaintiff could set forth an actionable claim against his prior

11 | retained attorney for relief under section 1983.  Consequently, the undersigned will recommend that

12 | this case be dismissed and the action closed.  *Morley*, 175 F.3d at 759 (dismissal for failure to state a

13 | claim is proper if it is clear that the plaintiff cannot prove any set of facts in support of the claim that

14 | would entitle him or her to relief).[2]

15 |   Based on the foregoing and good cause appearing,

16 |   **IT IS THEREFORE ORDERED** that Plaintiff's Motion/Application to Proceed *In Forma*

17 | *Pauperis* (#3) is **granted**.  Plaintiff shall not be required to pay an initial installment of the filing fee,

18 | but the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

19 |   **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to

20 | conclusion without the necessity of prepayment of any additional fees or costs or the giving of

21 | security therefor.  This order granting leave to proceed *in forma pauperis* shall not extend to the

22 | issuance of subpoenas at government expense.

23 | 

---

24 |  [2] To the extent Plaintiff seeks to challenge his custody, his section 1983 claim fails. When a prisoner challenges the duration or legality of his custody or raises a constitutional challenge which would entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

25 | Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, a section 1983 plaintiff must prove the conviction or sentence has been reversed on direct appeal, expunged by executive order,

26 | declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the facility in which Plaintiff is currently or hereinafter housed shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account, in the months that the account exceeds $10.00, until the full $400.00 filing fee has been paid for this action.  The Clerk of the Court shall **SEND** a copy of this order to the Finance Division of the Clerk's Office.  The Clerk shall also **SEND** a copy of this order to the attention of the Chief of Inmate Services, or equivalent, at Plaintiff's place of incarceration or Federal Bureau of Prisons.

**IT IS FURTHER ORDERED** that Plaintiff henceforth shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The Court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file Plaintiff's Complaint.

## RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Complaint (#1) be **dismissed for failure to state a cause upon which relief can be granted**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also

held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

      Dated: March 25, 2014.

                        _____

                        C.W. Hoffman, Jr.

                        UNITED STATES MAGISTRATE JUDGE